IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01673-BNB

ANTHONY PAUL SHAW,

    Applicant,

v.

CHARLES DANIELS,

    Respondent.

## ORDER OF DISMISSAL

Applicant Anthony Paul Shaw is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Shaw, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Magistrate Judge Boyd N. Boland reviewed Mr. Shaw's initial Application, determined that he was challenging the conditions of his confinement, and instructed him to file his claims on a Court-approved form use in filing prisoner complaints. Rather than complying with Magistrate Judge Boland's Order, Mr. Shaw, on August 16, 2012, again submitted his claims on a Court-approved form used in filing § 2241 actions. Mr. Shaw titled the application form, "Corrected Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 With Corrected Deficiencyes [sic]."

In Section B., "Nature of the Case," of the August 16 Application, Mr. Shaw states that this is a "habeas corpus petition concerning prison conditions and the Bureau of Prisons (hereafter BOP) disciplinary process." Mr. Shaw raises three claims, including: (1) the BOP has denied him access to the administrative remedies process;

(2) the BOP failed to follow policies and procedures when he reported a sexual assault and rape; and (3) the BOP failed to protect him from sexual harassment, assaults, and rapes. Throughout a seven-page chronological description of the alleged rapes and transfers, Mr. Shaw alludes to about twelve "shots" or notices he received for BOP code infractions. He concedes, however, that at least four of the notices were falsified by BOP staff to conceal his request for protection. In the other seven infractions, Mr. Shaw was charged with an actual offense and was sanctioned.

In Section E., "Request for Relief," Mr. Shaw states that he "moves this Honorable Court to issue a writ of habeas corpus, directing the Respondent to retain petitioner in his custody pending these proceedings; to follow BOP policies; to provide petitioner protection when requested; to expunge petitioner's disciplinary record and recalculate his sentence; and treat petitioner fairly and impartially in regards to inmate employment and commissary; and any other relief deemed necessary and appropriate."

The Court must construe the August 16 Application liberally because Mr. Shaw is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If an application reasonably can be read "to state a valid claim on which the [applicant] could prevail, [a court] should do so despite the [applicant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.* For the reasons stated below, the action will be dismissed.

As Mr. Shaw was instructed by Magistrate Judge Boland, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The only claims Mr.

Shaw asserts in the August 16 Application that possibly may be considered in a § 2241 action concern the different "shots" he received for actual BOP code infractions and the resulting disciplinary actions. The other claims regarding sexual harassment, assaults, and rape are challenges to the condition of his confinement and more properly are raised in a *Bivens* action.

As for the denial of due process in Mr. Shaw's disciplinary proceedings, the United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Shaw does not allege that he was deprived of life or property at any of his disciplinary hearings. Therefore, he was entitled to procedural protections at the disciplinary hearing only if he was deprived of a liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

To the extent the results of Mr. Shaw's disciplinary proceedings affected the execution or length of his sentence, he may have a liberty interest in the recalculation of his sentence, and he must be afforded the minimal safeguards provided for under the Due Process Clause of the Fourteenth Amendment. *Howard v. U.S. Bureau of Prisons,* 487 F.3d 808, 811 (10th Cir. 2007) (involving a federal inmate and violations of due process in his disciplinary proceeding) (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional

3

> safety and correctional goals, to call witnesses and present documentary
> evidence in his defense; and (3) a written statement by the factfinder of
> the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985).

Mr. Shaw, however, does not necessarily have a liberty interest in any credit to his sentence that he is unable to earn. The Court, for the purposes of analyzing Mr. Shaw's due process claim, therefore, will assume he is challenging the taking of credit that was previously applied to his sentence.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Instead, adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with written notice of the charges against him no less than twenty-four hours in advance of the disciplinary hearing, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. *See id.* at 563-66; *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). There also must be some evidence to support a disciplinary conviction. *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Mitchell*, 80 F.3d at 1445.

"Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see Mitchell*, 80 F.3d at 1445. The

disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell*, 80 F.3d at 1445 (citing *Hill*, 472 U.S. at 457).

Constitutionally adequate due process at a prison disciplinary hearing does not require that an applicant be informed of every detail of the charges against him so that he can prepare what in his opinion is the best defense. It only requires that he be informed of the charges to enable him to marshal the facts and prepare a defense. *Wolff*, 418 U.S. at 564.

Furthermore, "a] failure to adhere to administrative regulations does not equate to a constitutional violation." *See Hovater v. Robinson,* 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer,* 468 U.S. 183, 194 (1984)). A review of an applicant's disciplinary proceeding is "limited to whether the three steps mandated by *Wolff* were followed and whether there was some evidence to support the disciplinary committee's findings." *Mitchell*, 80 F.3d at 1445; *e.g.*, *Diaz v. McGuire,* No. 05-3149, 154 F. App'x. 81, 84-85 (10th Cir. (Kan.) Nov. 14, 2005) (stating that prison regulations are not designed to confer rights on inmates, and the process which is due is measured by the due process clause) (unpublished op.), *cert. denied,* 546 U.S. 1221 (2006).

Mr. Shaw identifies the reason for the different disciplinary write-ups and states that sanctions were imposed, but he does not assert any violations of his due process. To the extent he is asserting that his due process rights were violated when the BOP failed to adhere to policies and procedures in each of his disciplinary proceedings, a failure to follow administrative remedies is not a basis for a due process claim. Because Mr. Shaw fails to assert a constitutional violation regarding his disciplinary proceedings and because the claims he raises regarding the conditions of his confinement are more properly filed in a *Bivens* action, the action will be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Shaw files a notice of appeal he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed with prejudice in part regarding his denial of due process in disciplinary proceedings and in part without prejudice regarding the sexual harassment, assault and rape claims.  It is

FURTHER ORDERED that the "Motion for Temporary Order of Restraint–From Transferring Petitioner and/or Motion for Temporary Injunction," ECF No. 7, is denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  21st  day of    August   , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court